DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WARREN C. HOPSEKER and**
**CHARLOTTE E. HOPSEKER,**

          **Plaintiffs,**

                                           **CIVIL ACTION**

**v.**

                                           **No.  04-2409-DJW**

**CLARENCE R. COLEMAN and**
**TERRY W. MILLER d/b/a**
**MILLER FARMS and**
**NATIONAL FIRE AND MARINE**
**INSURANCE COMPANY and**
**ALLSTATE INSURANCE COMPANY,**

          **Defendants.**

### MEMORANDUM AND ORDER

       Pending before the Court is Defendant Allstate's Motion to Compel Arbitration (doc. 33).

Defendant Allstate requests that the Court apply New York law and enforce the arbitration clause

contained in the uninsured motorists provisions of Plaintiffs' automobile insurance policy.  Plaintiffs oppose

the motion, arguing that Kansas law does not permit the enforcement of arbitration clauses in insurance

contracts and compelling arbitration would violate Kansas public policy.

**I.**      **Background Facts**

       This matter arises out of an automobile accident, which allegedly occurred on September 5, 2002,

in Trego County, Kansas.  Plaintiffs, residents of Jefferson County, New York, were parked in their 2000

Dodge Caravan on the roadway shoulder facing in an eastbound direction on I-70, when their vehicle was

struck by a 2001 Kenworth truck operated by Defendant Clarence R. Coleman of Pawnee County,

Oklahoma, an employee and agent of Terry W. Miller d/b/a Miller Farms. The tractor and trailer operated by Defendant Coleman was insured under a policy of insurance issued by Defendant National Fire and Marine Insurance Company.

Plaintiffs allege that the vehicular accident was caused in whole or in part by the negligence of Defendant Coleman in driving at an excessive and unsafe speed, driving under the influence, driving in a careless and inattentive manner, failing to maintain a lookout, and failing to brake, swerve, turn aside or otherwise avoid colliding with Plaintiffs' vehicle. Plaintiffs also claim, in their First Amended Complaint, that the vehicular accident was caused in whole or in part by the negligence and fault of an unidentified phantom motorist who was eastbound on I-70 at the scene of the subject occurrence and is alleged to have forced the vehicle operated by the Defendant Coleman off the road due to an improper lane change.

At the time of the accident, Plaintiffs were insured under an automobile insurance policy issued by Defendant Allstate Insurance Company ("Allstate") in the state of New York. Plaintiffs claim that this policy includes out of state uninsured motorist coverage entitling them to recover from Defendant Allstate damages for injuries in the subject accident attributable to the fault of the unidentified phantom motorist.

The out of state uninsured motorist provisions of Plaintiffs' automobile insurance policy with Defendant Allstate provide that the right to benefits and the amount payable is to be decided by agreement by the insured person and Allstate. In the event of disagreement, then the policy provides that the decision will be made by arbitration.[1]

_____

[1]Part IV, Section II (Out Of State Uninsured Motorist Insurance) of Plaintiffs' policy states:

We [Allstate] will pay damages for bodily injury, sickness, disease or death which an
(continued...)

Plaintiffs commenced the instant proceedings on September 1, 2004, by filing their Complaint naming Defendants Coleman, Miller, and National Fire and Marine Insurance Company.  On January 27, 2005, Plaintiffs filed their First Amended Complaint adding Count II against Allstate as a Defendant under the uninsured motorist coverage provisions of their automobile insurance policy.  On June 9, 2005, after the time for filing an answer or other responsive pleading had expired, Defendant Allstate filed an Application to Respond to Petition Out of Time, which was subsequently granted by the Court.  Defendant Allstate filed the instant Motion to Compel Arbitration on June 14, 2005.

Defendant Allstate moves the Court for an Order compelling the parties to arbitrate any and all issues regarding the uninsured motorists' coverage under the arbitration clause contained in Plaintiffs' automobile insurance policy, and dismiss Defendant Allstate from this action without prejudice.  In support of its motion, Defendant Allstate contends that because the insurance policy was issued to Plaintiffs in New York, the policy, including its arbitration clause, is subject to interpretation under New York law. Defendant Allstate contends that under New York law a binding arbitration clause for uninsured motorists' coverage is enforceable, and thus the Court must order the parties into arbitration.

---

[1](...continued)
insured person is legally entitled to recover from the owner or operator of an uninsured auto.  Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

The right to benefits and the amount payable will be decided by agreement between the insured person and Allstate.  If we can't agree, the decision will be made by arbitration.

Plaintiffs do not dispute that their insurance policy was issued in New York.  Nor do they dispute that under the rule of *lex loci contractus* New York law governs their automobile insurance policy issued by Defendant Allstate.  Plaintiffs instead argue that application of New York law to compel arbitration would contradict Kansas public policy.

**II.**     **Applicable Law**

    **A.**     **Conflicts of State Law**

A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including the state's choice-of-law rules.[2]  Kansas follows the *lex loci contractus* rule when there is a conflict of laws dealing with the interpretation of an insurance contract, which means "the law of the state where the insurance contract is made controls."[3]  As an exception to the *lex loci contractus* rule, Kansas will not apply another state's law if it violates the settled public policy of Kansas.[4]

In this case, the Court must determine whether the application of New York law violates the settled public policy of Kansas. To resolve this issue, the Court must identify: (1) the conflict between New York and Kansas law, and (2) the settled public policy of Kansas applicable to this type of case.

---

[2] *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495-97 (1941).

[3] *Safeco Ins. Co. of Am. v. Allen*, 262 Kan. 811, 822, 941 P.2d 1365, 1372 (1997).

[4] *Id.;  Barbour v. Campbell*, 101 Kan. 616, 168 P. 879, 880 (1917)  ( [W]here the contract contravenes the settled public policy of the state whose tribunal is invoked to enforce the contract, an action on that contract will not be entertained.).

Kansas has a statutory exemption for arbitration clauses in contracts of insurance.  The Kansas version of the Uniform Arbitration Act[5] excludes from its definition of enforceable arbitration agreements those related to contracts of insurance.  The operative Kansas statute, K.S.A. 5-401(b)-(c), provides:

> (b) Except as provided in subsection (c), a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable except upon such grounds as exist at law or in equity for the revocation of any contract.

> (c) The provisions of subsection (b) shall not apply to: (1) contracts of insurance.[6]

Even before the 1973 enactment of Kansas' Uniform Arbitration Act,[7] the Kansas Supreme Court considered arbitration agreements in insurance contracts to be unenforceable.[8]  The K.S.A. 5-401(c)(1) exemption of insurance contracts merely codified the existing common law.[9]

In direct contrast, New York's Civil Practice Law and Rules ("CPLR") arbitration statute[10] provides that agreements to arbitrate future disputes are enforceable, with no exceptions for arbitration agreements in insurance policies.  New York's CPLR § 7503(a) provides, in pertinent part, that:

> A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made

---

[5] K.S.A. 5-401 *et seq.*

[6] K.S.A. 5-401(b)-(c).

[7] K.S.A. 5-401 *et seq.*

[8] *Clayton v. Alliance Mut. Cas. Co.*, 213 Kan. 84, 85 (1973) ("under the law of Kansas as applied, the uninsured motorists coverage in question is an agreement to arbitrate a future dispute and is therefore invalid.").

[9] *Friday v. Trinity Universal of Kan.*, 262 Kan. 347, 354, 939 P.2d 869, 873 (1997).

[10] N.Y. Civ. Prac. L. & R § 7503 (McKinney).

or complied with, and the claim sought to be arbitrated is not barred by limitation under subdivision (b) of section 7502, the court shall direct the parties to arbitrate.[11]

In addition, New York courts generally enforce arbitration agreements contained in uninsured motorist insurance policies.[12]

Plaintiffs argue that the Court should apply the exception to the *lex loci contractus* rule in this case. They argue that compelling them to arbitrate their uninsured motorist insurance claim against Defendant Allstate would violate the public policy of Kansas because the issues to be decided under this insurance agreement are inextricably intertwined with the Kansas comparative negligence law. Plaintiffs argue that because the underlying vehicular accident happened in Kansas, the issues of whether a phantom motorist caused or contributed to the accident and what damages the Plaintiffs suffered will be decided under Kansas comparative negligence statute, K.S.A. 60-258a.

The Court is not persuaded by Plaintiffs' arguments. A similar argument was rejected by the court in *Federated Rural Electric Insurance Company v. Nationwide Mutual Insurance Company.*[13]  In *Federated*, the court rejected the argument that Kansas courts would refuse to enforce the arbitration provisions as being against Kansas public policy. The court noted that not every Kansas statutory provision has been held to represent the strong type of public policy that would bar application of another

_____

[11]N.Y. Civ. Prac. L. & R § 7503(a) (McKinney).

[12]*See generally Government Employees Ins. Co. v. DePietto,* 226 A.D.2d 723, 641 N.Y.S.2d 403 (1996);  *Maryland Cas. Co. v. Hopkins*, 142 A.D.2d 946, 530 N.Y.S.2d 370 (1988).

[13]874 F. Supp. 1204 (D. Kan. 1995).

jurisdiction's contrary law.[14]  The court held that the policy behind K.S.A. § 5-401 does not have the effect of override another state's otherwise applicable law and invalidate an arbitration agreement.[15]

The Court will therefore apply New York law to determine whether the arbitration clause contained in Plaintiffs' insurance policy with Defendant Allstate is enforceable.

## III.    Application of New York law

Under New York law, courts are required to consider three threshold question in ruling on motions to stay or to compel arbitration:  whether the parties made a valid agreement to arbitrate, whether if such an agreement was made it has been complied with,  and  whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of the state.[16]  If the court determines that the parties had not made an agreement to arbitrate, that ends the matter and the application to compel arbitration will be denied.[17]  Similarly, if the court concludes that, while the parties may have made a valid agreement to arbitrate, the particular agreement that they made was of limited or restricted scope and the particular claim sought to be arbitrated is outside that scope, there will likewise be a denial of the motion to compel arbitration.[18]

---

[14]*Id.* at 1207 (citing *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1224 (10th Cir. 1991)).

[15]*Id.* at 1207-08.

[16]*County of Rockland v. Primiano Constr. Co., Inc.*, 51 N.Y.2d 1, 409 N.E.2d 951, 431 N.Y.S.2d 478, 480-81 (1980).

[17]*Id.* (citations omitted).

[18]*Id.*

7

In the context of uninsured motorist endorsements, New York courts look to the language of the arbitration clause to determine whether an issue is arbitrable.[19]  In *Rosenbaum v. American Surety Company of New York*,[20] the New Court of Appeals interpreted a policy with the following uninsured motorist arbitration clause:

> In the event the insured and the company do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . .[21]

Under this language, the court held that the policy endorsement did not cover all controversies between insured and insurer, but instead made it arbitrable only for two fact issues: (1) as to fault ("legally entitled") and (2) as to damages if fault should be established.[22]  The court held that all other issues, and particularly the existence of conditions precedent to arbitration, were not arbitrable but were for the court to decide.[23]

Applying New York law, the Court finds that the arbitration clause contained in Plaintiffs' insurance policy is enforceable to the extent that Plaintiffs' uninsured motorist claims are limited to "[t]he

---

[19]*See e.g., Rosenbaum v. American Sur. Co. of New York*, 11 N.Y.2d 310, 229 N.Y.S.2d 375 (1962);  *Norfolk & Dedham Mut. Fire Ins. Co. v. Rakow*, 99 Misc.2d 929, 932. 417 N.Y.S.2d 631, 633 (1979); *Lumbermens Mut. Cas. Co. v. Bowles*, 78 A.D.2d 980, 433 N.Y.S.2d 673 (1980).

[20]11 N.Y.2d 310, 229 N.Y.S.2d 375.

[21]11 N.Y.2d at 313.

[22]11 N.Y.2d at 314.

[23]*Id.*

right to benefits and the amount payable," as set forth in the policy.  The Court, however, is unable to ascertain whether Plaintiffs' "right to benefits" under the policy can be determined without the Court first making a factual determination whether there was actual physical contact between Plaintiffs' vehicle and the alleged phantom driver.  Under New York law, physical contact is a prerequisite to the applicability of the uninsured motorist endorsement in the insured's policy.[24]  And it is settled New York law that the court, and not an arbitrator, must resolve the issue of whether there was actual physical contact with the hit-and-run vehicle, which is a prerequisite for coverage.[25]  When there is a triable issue of fact with respect to whether a claimant's vehicle had physical contact with an alleged hit-and-run vehicle, the appropriate procedure is to stay the arbitration pending a determination on that issue.[26]

Here, Plaintiffs have not alleged that the unidentified phantom motorist had physical contact with Plaintiffs' vehicle during the subject occurrence, instead they only allege that the phantom motorist "forced the vehicle operated by Defendant Coleman off the road due to an improper lane change."  Because the Court is unable to ascertain from the motion to compel arbitration and pleadings filed thus far in the case whether the alleged unidentified phantom driver made physical contact with Plaintiffs' vehicle, the Court must first determine whether the parties agree there was no physical contact between the unidentified phantom motorist and Plaintiff's vehicle. If the parties disagree on that issue the Court will direct Defendant

---

[24]*Utica Mut. Ins. Co. v. Leconte*, 3 A.D.3d 534, 770 N.Y.S.2d 750 (2004).

[25]*Allstate Ins. Co. v. Tauszik*, 177 A.D.2d 486, 575 N.Y.S.2d 908 (1991).

[26]*Id.*

Allstate to show cause why the motion to compel arbitration should not be denied so that this factual determination can be made.

If the parties agree that there was no physical contact between the unidentified phantom motorist and Plaintiffs' vehicle, then Plaintiffs' claim for coverage (Count II) will be dismissed unless Plaintiffs show cause why physical contact between the unidentified phantom driver and Plaintiffs' vehicle is not a prerequisite for coverage under their uninsured motorist policy under New York law.

## IV.   Waiver

Plaintiffs also argue that Defendant Allstate waived its right to demand arbitration by waiting four months after service of process and until it was in default to assert the right.  Under New York law, a party waives its right to arbitration when it "engages in protracted litigation that results in prejudice to the opposing party."[27]  Factors to consider whether arbitration has been waived include: (1) time elapsed from the commencement of the litigation and the request for arbitration; (2) extent of the litigation so far; and (3) proof of prejudice to the opposing party, including economic prejudice caused by delay.[28]

Plaintiffs filed their First Amended Complaint, which added Defendant Allstate on January 27, 2005.  Defendant Allstate did not file an answer or otherwise respond until June 9, 2005, when it filed an Application to Respond to Petition Out of Time.  In that Application, Defendant Allstate requested leave to file a responsive pleading no later than June 14, 2005.  Defendant Allstate's request was thereafter granted.  Defendant Allstate filed the instant Motion to Compel Arbitration on June 14, 2005.

---

[27]*Advest, Inc. v. Wachtel*, 253 A.D.2d 659, 677 N.Y.S.2d 549, 551 (1998).

[28]*Id.*

The Court finds that Defendant Allstate did not waive its right to demand arbitration. Although four months elapsed between the time Plaintiffs served and filed their First Amended Complaint adding Allstate as a defendant and the date Defendant Allstate filed any responsive pleading, Defendant Allstate requested and was granted leave to respond out of time. There is no showing that Defendant Allstate has otherwise engaged in litigating Plaintiffs' claim for uninsured motorist coverage, nor have Plaintiffs argued any prejudice by Defendant Allstate's actions, delay or otherwise. The Court therefore determines that Defendant Allstate has not waived its right to arbitration in favor of judicial process.

**IT IS THEREFORE ORDERED** that each party shall advise the Court by pleading filed by **October 17, 2005** whether they agree that there was no physical contact between the unidentified phantom motorist and Plaintiffs' vehicle.

**IT IS FURTHER ORDERED** that, if the parties agree there was no physical contact between the unidentified phantom motorist and Plaintiffs' vehicle, Plaintiffs shall show cause to the undersigned Judge by **October 31, 2005,** why Count II of Plaintiffs' Complaint should be dismissed under New York law requiring physical contact as a prerequisite to the applicability of the uninsured motorist endorsement in the insured's policy.

**IT IS FURTHER ORDERED** that if the parties disagree on whether the alleged phantom motorist had the necessary physical contact with Plaintiffs' vehicle, then Defendant Allstate shall show cause to the undersigned Judge by **October 31, 2005,** why its Motion to Compel Arbitration should not be denied so that a factual determination can be made at trial of whether the alleged phantom motorist had physical contact with Plaintiffs' vehicle.

11

**IT IS FURTHER ORDERED** that a telephone status conference will be set following the Court's final ruling on these issues to further schedule the case.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of October 2005.


s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

cc:     All counsel